IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL HOSEA, <br> (TDCJ-CID #711435) <br><br> Petitioner, <br><br> VS. <br><br> WILLIAM STEPHENS, <br><br> Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-14-0751 |

**ORDER**

The petitioner, Michael Hosea, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a felony murder conviction in Texas state court. Having reviewed the petition and available online state court records, this court finds that the petition is subject to dismissal as time-barred. Hosea is ordered to file a written submission by **May 19, 2014,** showing why this case should not be dismissed because it was filed too late.

**I.      Background**

A jury in the 232nd Judicial District Court of Harris County, Texas (Cause Number 1039218) found Hosea guilty of the felony offense of murder. On March 31, 1995, the jury sentenced Hosea to a 40-year prison term. The First Court of Appeals of Texas affirmed Hosea's conviction on November 6, 1997. The Texas Court of Criminal Appeals refused Hosea's petition for discretionary review on April 2, 1997. *See* Texas Judiciary Website, http://www.cca.courts.state.tx.us/.

On-line research reveals that Hosea filed an application for state habeas corpus relief on November 19, 2007. The Texas Court of Criminal Appeals denied it without written order on April

15, 2009.[1] *Ex parte Hosea,* Application No. 38,256-03. Hosea filed a second application on August 27, 2010, which the Texas Court of Criminal Appeals dismissed as successive. *Ex parte Hosea,* Application No. 38,256-04. Hosea filed a third application on August 24, 2011. The Texas Court of Criminal Appeals dismissed it as successive on September 7, 2011. *Ex parte Hosea,* Application No. 38,256-05. Hosea filed a fourth application on March 12, 2012. The Texas Court of Criminal Appeals dismissed it as successive on March 21, 2012. *Ex parte Hosea,* Application No. 38,256-06. Hosea filed a fifth application on September 17, 2012, which the Texas Court of Criminal Appeals dismissed as successive on October 3, 2012. *Ex parte Hosea*, Application No. 38,256-07. Hosea filed a sixth application on December 9, 2013, which was dismissed as successive on December 18, 2013. *Ex parte Hosea,* Application No. 38,256-08.

On March 24, 2014, this court received Hosea's federal petition. The petition was filed when Hosea gave it to the prison authorities for mailing to the district court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). This court presumes that Hosea delivered his petition to prison officials on the date he signed it, March 24, 2014. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998). Hosea contends that his conviction is void because the presiding trial judge exceeded his authority. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 6).

**II.    Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996. Although the statute of limitations is an affirmative defense, a

---

[1] Hosea stated that the Texas Court of Criminal Appeals denied relief without written order on April 19, 2010. (Docket Entry No. 1, Federal Petition, p. 4). In light of this court's online research, it appears that Hosea was mistaken as to this date. The Texas Court of Criminal Appeals denied relief without written order on April 15, 2009.

district court may raise the defense on its own and dismiss a petition before answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4).

The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Hosea's conviction became final when the time for filing a petition for a writ of certiorari expired, ninety days after the Texas Court of Criminal Appeals denied review. Supreme Court Rule 13.1 (West 2002). The Texas Court of Criminal Appeals refused Hosea's petition for discretionary review on April 2, 1997. Hosea's deadline for filing a petition for a writ of certiorari was July 1, 1997. The limitations period ended one year later, on July 1, 1998. Hosea did not file this federal petition until March 24, 2014. Although a properly filed application for state postconviction relief tolls limitations, 28 U.S.C. § 2244(d)(2)(West 1997), Hosea's state habeas applications did not serve to toll the limitations period because they were not filed during the limitations period.

Hosea's claims are time-barred unless he can show that a statutory or equitable exception applies.

### III. ORDER

By **May 19, 2014,** Hosea must file a written statement explaining why this court should not dismiss his petition as time-barred under 28 U.S.C. § 2244(d). *See Day v. McDonough*, 547 U.S. 198 (2006). Hosea must set forth, in writing, any relevant and verifiable grounds to support his argument that the statute of limitations does not bar his habeas claims. Based on the facts in his pleadings and other facts of which he is aware, Hosea must explain, to the best of his knowledge and ability, the procedural history of his state court conviction, appeal, and postconviction proceedings. **Failure to comply may result in the dismissal of this case as time-barred or for want of prosecution, without further notice.**

Hosea's motion to proceed *in forma pauperis,* (Docket Entry No. 2), is granted.

SIGNED on April 17, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge