IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL HOSEA, (TDCJ-CID #711435) | § § § | |
| Petitioner, | § § § | |
| VS. | § | CIVIL ACTION NO. H-14-0751 |
| WILLIAM STEPHENS, | § § § § | |
| Respondent. | § | |

## MEMORANDUM AND OPINION

The petitioner, Michael Hosea, seeks habeas corpus relief under 28 U.S.C. § 2254, challenging a Texas state-court conviction for felony murder. Based on careful review, this claim is dismissed because Hosea filed it too late to be considered on the merits.

In 1995, a jury found Hosea guilty of the felony offense of murder and the jury sentenced him to a 40-year prison term. (Cause Number 1039218). The First Court of Appeals of Texas affirmed Hosea's conviction on November 6, 1997. The Texas Court of Criminal Appeals refused Hosea's petition for discretionary review on April 2, 1997. *See* Texas Judiciary website, http://www.cca.courts.state.tx.us/.

On-line research reveals that Hosea filed an application for state habeas corpus relief on November 19, 2007, which the Texas Court of Criminal Appeals denied without written order on April 15, 2009.[1] *Ex parte Hosea,* Application No. 38,256-03. Hosea filed a second application on

---

[1] Hosea stated that the Texas Court of Criminal Appeals denied relief without written order on April 19, 2010. (Docket Entry No. 1, Federal Petition, p. 4). In light of this court's on-line research, it appears that Hosea was mistaken as to this date. The Texas Court of Criminal Appeals denied relief without written order on April 15, 2009.

August 27, 2010, which the Texas Court of Criminal Appeals dismissed as successive. *Ex parte Hosea,* Application No. 38,256-04. Hosea filed a third application on August 24, 2011, which the Texas Court of Criminal Appeals dismissed as successive on September 7, 2011. *Ex parte Hosea,* Application No. 38,256-05. A fourth application was filed on March 12, 2012, and dismissed on March 21, 2012, *Ex parte Hosea,* Application No. 38,256-06; a fifth application was filed on September 17, 2012 and dismissed on October 3, 2012, *Ex parte Hosea,* Application No. 38,256-07; a sixth application was filed on December 9, 2013 and dismissed on December 18, 2013, *Ex parte Hosea,* Application No. 38,256-08.

On March 24, 2014, this court received Hosea's federal petition. The petition was deemed filed when given to the prison authorities for mailing to the court. *Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998). That is presumed to be the date of signature. *Sonnier v. Johnson,* 161 F.3d 941, 945 (5th Cir. 1998). Hosea contends that his conviction is void because the presiding judge exceeded his authority. (Docket Entry No. 1, Petition for Writ of Habeas Corpus, p. 6).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), imposed a one-year statute of limitations for federal habeas corpus petitions filed after April 24, 1996.

The statute provides in part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Hosea's conviction became final when the time for filing a petition for a writ of certiorari expired, ninety days after the Texas Court of Criminal Appeals denied review. Supreme Court Rule 13.1 (West 2002). The Texas Court of Criminal Appeals refused Hosea's petition for discretionary review on April 2, 1997. Hosea's deadline for filing a petition for a writ of certiorari was July 1, 1997. The limitations period ended one year later, on July 1, 1998. Hosea did not file this federal petition until March 24, 2014.

Although the statute of limitations is an affirmative defense, a district court may raise the defense on its own and dismiss a petition before answer if it "plainly appears from the face of the

petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4). On April 17, 2014, this court ordered Hosea to file a written statement by May 19, 2014, showing why his petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d). (Docket Entry No. 8). Hosea has complied. (Docket Entry No. 9).

Hosea states that he filed an application for state postconviction relief, which the state habeas court held for 16 months. He also filed a petition for a writ of mandamus. Hosea then discovered an additional claim, which he presented to the state habeas court. Hosea argues that the state court did not decide his additional claim and that as a result, the decision to deny habeas relief is not entitled to deference.

Although a properly filed application for state postconviction relief tolls limitations, 28 U.S.C. § 2244(d)(2) (West 1997), Hosea's state habeas applications did not toll the period because they were filed after the limitations period ran.

Equitable tolling does not apply to extend the one-year limitations period. Equitable tolling applies only in cases presenting "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035 (2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001). A habeas petitioner has the burden of proving that he is entitled to equitable tolling. *Phillips*, 216 F.3d at 511. "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.

1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)), *cert. denied*, 529 U.S. 1057 (2000); *see also Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001). Neither "a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 120 S. Ct. 504 (1999). "Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Fisher*, at 715 n.14.

Hosea does not identify any grounds for equitable tolling, and the record discloses none. *See, e.g., Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (finding that confiscation of legal materials and an inadequate law library did not establish grounds for equitable tolling where the alleged impediments to filing a federal petition were removed six months before the end of the limitations period), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.) (finding that alleged inadequacies in prison law library and lack of notice of AEDPA's requirements did not warrant equitable tolling), *cert. denied*, 531 U.S. 1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.) (finding that unfamiliarity with the legal process or lack of representation during the applicable filing period did not merit equitable tolling), *cert. denied*, 528 U.S. 1007 (1999).

Finally, Hosea does not satisfy any of the exceptions to the AEDPA statute of limitations. The record does not indicate that any unconstitutional state action prevented Hosea from filing an application for federal habeas relief before limitations ended. 28 U.S.C. § 2244(d)(1)(B). Hosea's claims do not relate to a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). Hosea's claims relate to his trial on March 31, 1995. Hosea has not shown that he learned the factual predicate of

his claims only after limitations ran. 28 U.S.C. § 2244(d)(1)(D). Hosea's federal petition is untimely and this case is dismissed. Any remaining pending motions are denied as moot.

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000)). Hosea has not shown that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. This court will not issue a COA.

SIGNED on May 21, 2014, at Houston, Texas.

                                          Lee H. Rosenthal
                                          United States District Judge